# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**ALBERT ADDERSON**, *et al.*,

      **Plaintiffs,**                     **CASE NO. 5:12-cv-395-RS-CJK**

      **v.**

**UNITED STATES OF AMERICA,**

      **Defendant.**

_____/

## ORDER

Before me are Defendant's Motion to Dismiss (Doc. 8), Plaintiffs' Response to Defendant's Motion to Dismiss (Doc. 9), and Defendant's Response to Plaintiffs' Response to Defendant's Motion to Dismiss (Doc. 12). For the reasons below, Defendant's Motion to Dismiss is granted.

## Standard of Review

To overcome a motion to dismiss, a plaintiff must allege sufficient facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 104 S. Ct. 2229, 2232 (1984). I must construe all allegations in the complaint as true and in the light most favorable to the plaintiff. *Shands Teaching Hosp. &*

*Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000) (citing

*Lowell v. American Cyanamid Co.*, 177 F.3d 1228, 1229 (11th Cir. 1999)).

## Background

The Defendant Bureau of Prisons employed Plaintiffs or Plaintiffs' spouses

or parents ("Plaintiffs") at the Federal Correctional Institute ("FCI") located in

Marianna, Florida, from as early as 1991 until as recently as the present. (Doc. 8,

p. 4). UNICOR industries was engaged in a private business of electronic

recycling on the FCI premises. (Doc. 1, p. 3; Doc. 9, p. 2). Plaintiffs allege

personal exposure to toxic materials, including, but not limited to, lead, cadmium,

beryllium, and mercury. (Doc. 1, pp. 3-4). The alleged exposure was caused by

dust from the recycling plant pervading other parts of the prison and from contact

with inmates' clothing while "shaking down" inmates for weapons and other

dangerous items. *Id.* Plaintiffs seek compensation for damages under the Federal

Tort Claims Act (FTCA). (Doc. 1, p. 1).

This court has previously barred claims by similarly situated Plaintiffs, who

were employees at FCI, because the Federal Employees' Compensation Act

(FECA) provided an exclusive remedy. Oct. 10, 2012, Order pp. 4-9, *Bailey v.

United States*, No. 5:12-cv-104-RS-CJK (Smoak, J.); Sept. 12, 2012, Order pp. 4-

8, *Anderson, et al., v. United States*, No. 5:12-cv-102-RS-CJK (Smoak, J.).

Between June 7, 2011, and December 22, 2011, all Plaintiffs filed administrative claims with Defendant. (Doc. 8, pp. 4-5). Defendant issued Plaintiffs denial letters November 30, 2012, May 14-15, 2012, and June 11, 2012. *Id*. Defendant moves to dismiss Plaintiffs' claim for tolling of the statute of limitations allowed under FTCA.

## Analysis

Defendant contends this court lacks subject matter jurisdiction over Plaintiffs' claims because (1) Plaintiffs commenced this action on December 14, 2012, more than six months after Defendant had denied their administrative claims, and (2) FECA's exclusive remedy provision bars six Plaintiffs' claims (5 U.S.C. §§ 8101-8193). First, I address the timeliness of this action under FTCA.

FTCA provides, "[a] tort claim against the United States shall be forever barred unless . . . action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). The Eleventh Circuit has ruled, "[the FTCA] must be strictly construed. . . . For claims brought under the FTCA, Congress has expressly stated the applicable limitation period." *Phillips v. United States*, 245 F.3d 1316, 1318 (2001).

Plaintiffs contend the untimely filing is excusable because the present case merits equitable tolling. Specifically, Plaintiffs allege Defendant withheld

information when Defense counsel did not wholly comply with requests to produce necessary correspondence essential to litigation.

*S.R.v. United States* provides guidance on the Supreme Court's standard for equitable tolling: "[S]ituations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." 555 F. Supp. 2d 1350, 1358 (S.D. Fla. 2008)(citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Moreover, "[T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." *Id*.

Plaintiffs did not file a complaint within the six month timeline allotted by FTCA. Nor is there any evidence that in failing to produce documents Defendant induced or tricked Plaintiffs into allowing the filing deadline to pass. *See id.* Even if Defendant failed to comply with pre-complaint production requests as Plaintiffs allege, such failure is at worst neglect. Equitable tolling does not extend to excusable neglect. Therefore Plaintiffs' claims are barred by untimely filing in accordance with FTCA.

Because all claims are barred by FTCA statute of limitations, I decline to address whether any claims are barred by FECA.

## **Conclusion**

For the above reasons, Defendant's Motion to Dismiss is **GRANTED**. The Clerk is directed to close the case.

**ORDERED** on July 16, 2013.

**/s/ Richard Smoak**
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**